NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ─────────────────────────── | : | |
| ASSOCIATION HEADQUARTERS, INC. | : | Civil Action No. |
| | : | |
| Plaintiff, | : | 06-4405 (NLH) |
| | : | |
| v. | : | |
| | : | |
| USENIX ASSOC. AND SYSTEMS | : | _____OPINION |
| ADMINISTRATORS GUILD, a | : | |
| Special Technical Group of | : | |
| USENIX ASSOCIATION | : | |
| | : | |
| Defendants. | : | |
| ─────────────────────────── | : | |

**APPEARANCES:**
Michael E. Waller, Esq.
Mark S. Morgan, Esq.
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
One Newark Center, 10th Floor
Newark, NJ 07102
*Attorney for Plaintiff*

John A. Avery, Esq.
KRAEMER, BURNS MYTELKA, LOVELL & KULKA, P.A.
675 Morris Avenue
Springfield, NJ 07081
*Attorney for Defendants*

**HILLMAN, District Judge**

## I.   INTRODUCTION

Before the Court is a 12(b)(7) motion to dismiss filed by defendants USENIX Association and Systems Administrators Guild, a special technical group of USENIX (collectively "USENIX/SAGE") for failure to join an indispensable party.  Defendants argue that plaintiff, Association Headquarters, Inc. ("AH"), in bringing its breach of contract action failed to join the System

Administrators Guild, Inc., a New Jersey non-profit corporation, the signatory to the contract.  Because USENIX/SAGE has failed to provide the proper analysis under Fed.R.Civ.P. 19, we deny the motion to dismiss with leave to re-file in thirty (30) days.

## II.   BACKGROUND

USENIX is a Delaware corporation with a principal place of business located in Berkeley, California.  USENIX is an association of engineers, systems administrators, scientists, and technicians that work in computing fields.  SAGE is a special technical group that operates within USENIX and is not a separate entity.[1]  SAGE provides services to persons involved in computer systems administration as a profession.

During 2004, USENIX decided to spin-off SAGE into a separate and independent legal entity.  This plan was authorized by the USENIX board of directors on June 27, 2005.  The plan was to be carried out over the next year with USENIX providing certain funding to SAGE during the separation period.  Also, USENIX was to transfer the rights to the SAGE name and share with SAGE income generated from the Large Systems Administration ("LISA") Conference.

---

[1] Although the parties appear to disagree about the current status of the SAGE group, we evaluate this motion assuming the truth of the assertions made by the non-moving party.  For purposes of defendants' motion, we refer to the defendants together as USNIX/SAGE unless the plaintiff refers to them separately.

During the separation process, a request for proposal ("RFP") was published by SAGE, with the knowledge of USENIX, on the website of the International Association of Association of Management Companies ("IAAMC") to elicit bids from management companies to assist in managing SAGE after it became a separate legal entity.  In response to the RFP, AH submitted a proposal that was accepted by SAGE.  According to the Complaint, on or about September 1, 2005, AH and USENIX/SAGE entered into a written management agreement, effective July 1, 2005.

Unfortunately, the plans that USENIX had to spin-off SAGE fell through, and SAGE remained a group within USENIX.  As with many business deals that do not come to fruition, disputes arose over contract terms.  Although USENIX partially paid AH for certain expenses incurred by AH during the separation process, AH claims that USENIX and SAGE failed to comply with their obligations under the management agreement.  AH claims that USENIX/SAGE unilaterally and improperly terminated the management agreement.

AH brought claims against USENIX/SAGE for breach of contract (First Count), negligent misrepresentation (Second Count), fraud in the inducement (Third Count), and quantum meruit (Fourth Count).  A fifth count for tortious interference is brought only against USENIX.

USENIX/SAGE argues that the management agreement referred to

3

in the complaint was actually entered into between AH and a third party, The System Administrators Guild, a New Jersey not-for-profit corporation, ("SAGE, Inc. NJ").[2]  USENIX/SAGE argues that SAGE, Inc. NJ is an indispensable party because it is a signatory to the contract.  SAGE, Inc. NJ, however, is a citizen of the same state as the plaintiff and, therefore, its joinder as a defendant would defeat diversity resulting in the dismissal of this action.[3]

### IV.  DISCUSSION

#### A.  Standard for 12(b)(7) motions

Federal Rule of Civil Procedure 12(b)(7) allows a motion to dismiss to be filed for "failure to join a party under Rule 19." Rule 19 provides a two-step analysis under subpart (a) and subpart (b).  Under Rule 19(a), the court must determine whether a party should be joined if "feasible."  See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir.

---

[2] The alleged contract, appended to the Complaint as Exhibit A lists the parties to the agreement as AH and "The System Administrators Guild, a New Jersey not-for-profit corporation..." The complaint alleges that this contract was entered into by "the parties" although the agreement itself does not list USENIX as a signatory.  Complaint ¶ 34.

[3] Since SAGE, Inc. NJ, like AH, is a New Jersey corporation, adding it as a party defendant would defeat complete diversity. USENIX/SAGE's motion is styled as a motion to dismiss the complaint in its entirety.  AH describes the motion as one attacking only the breach of contract claim.  In light of our decision to deny the motion, we need not address under what circumstances the remaining counts would survive plaintiff's failure to join a party indispensable to the First Count.

1993).  If the court determines that the party should be joined but joinder would destroy diversity because it is not feasible, then the court moves to the second step of the analysis to determine if the absent party is "indispensable" under Rule 19(b).[4]  <u>Id.</u>

**B.  Rule 19 - Joinder of Persons Needed for Just Adjudication**

Rule 19(a) provides that:

> A person who is subject to service of process
> and whose joinder will not deprive the court of
> jurisdiction over the subject matter of the
> action shall be joined as a party in the action
> if (1) in the person's absence complete relief
> cannot be accorded among those already parties,
> or (2) the person claims an interest relating
> to the subject of the action and is so situated
> that the disposition of the action in the
> person's absence may (i) as a practical matter
> impair or impede the person's ability to
> protect that interest or (ii) leave any of the
> persons already parties subject to a
> substantial risk of incurring double, multiple,
> or otherwise inconsistent obligations by reason
> of the claimed interest... .  If the joined
> party would render the venue of the action
> improper, that party shall be dismissed from
> the action.

---

[4] The Court notes that Rule 19 will be revised effective December 1, 2007, absent contrary Congressional action.  The new version puts the factors in outline form thereby further indicating the need to address each factor.  As stated in the commentary to the Rule, "[t]he language of Rule 19 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." <u>See</u> FRCP 19, 2007 Thompson/West, <u>http://web2.westlaw.com/.</u>  Of course, we rely on the current form of the rule for deciding this motion.

Under subsection 19(a)(1), the inquiry is whether complete relief can be accorded to the parties absent the unjoined party. See Janney, 11 F.3d at 405.  The focus is on the parties to the action and not on the effect the decision may have on the nonparty.  Id.  Under subsection 19(a)(2)(i), a person shall be joined as a party if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest. Under this subsection, the focus shifts from the effect of the parties to the effect of judgment on the non-party.  Wheaton, 215 F.R.D. at 490.  The last subsection, 19(a)(2)(ii), requires joinder if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  This inquiry, like subsection 19(a)(1), puts the focus on the current parties.  Often, parallel litigation in state court proceedings is taken into consideration under this subsection.  Id. at 491.

If the Court determines under 19(a) that a non-party should be joined, or under a different parlance, determines that a

"necessary" party is absent,[5] but that joinder is not feasible

(because it would destroy diversity),[6] it must then determine if

the absent party is "indispensable" under Rule 19(b).[7]

---

[5] Although Rule 19(a) is entitled "Persons to be Joined if Feasible," an earlier version of the rule used the word "necessary" and case law developed under an analysis of whether it was necessary to join a party. See Janney, 11 F.3d at 404 n. 4(remarking that the term 'necessary' harkened back to an earlier version of the rule but survives in the case law at the price of some confusion).

[6] Although we make no finding in this Opinion whether SAGE, Inc. NJ should be joined, we do find that if SAGE, Inc. NJ should be joined, such joinder is not feasible.  Both parties admit that joining SAGE, Inc. NJ would not be feasible because joinder would defeat diversity.  AH and SAGE, Inc. NJ are both New Jersey corporations.

[7]     Rule 19(b) states,
If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The four factors listed in Rule 19(b) "...are not exhaustive, but they are the most important considerations in deciding whether to dismiss the action." Gardiner v. Virgin Islands Water & Power Authority, 145 F.3d 635, 641 (3d Cir. 1998) (citing to Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1608 at 91 (2d Ed. 1986)).

**C. Motion to Dismiss**

In their motion to dismiss, USENIX/SAGE effectively skips over the 19(a) analysis by simply stating that the law is clear that signatories to a contract that is the subject of the litigation are necessary parties.  First, this statement is an oversimplification of the law.  See Wheaton v. Diversified Energy, LLC, 215 F.R.D. 487, 490 (E.D. Pa. 2003)(noting that a hard and fast rule that a party to a contract by definition is a necessary and indispensable party would violate Rule 19(a) which requires the absent party fit into one of the three categories).  Signatories to a contract are not always considered to be necessary parties.  See Janney, 11 F.3d at 405 (finding not all defendants necessary where signatories to a contract are jointly and severally liable); Wheaton, 215 F.R.D. at 490 (finding that non-party not a necessary party where only the named party would be responsible for paying the judgment based on the terms of the contract).

Second, it is clear that a Rule 19(a) analysis must be performed to determine whether a party *should* be joined before the court can reach a determination of whether that party is indispensable under Rule 19(b).  See Gardiner v. Virgin Islands Water & Power Authority, 145 F.3d 635, 640 (3d Cir. 1998)(ruling that before a court decides whether a case should be dismissed under Rule 19(b), it must make a preliminary determination under Rule 19(a)); see also Janney, 11 F.3d at 405 (stating that "... a

holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's discretionary determination under Rule 19(b) that the case must be dismissed because joinder of the party is not feasible and the party is indispensable to the just resolution of the controversy.") USENIX/SAGE provided little to no reasoning under Rule 19(a) that would permit the Court to make a determination of whether SAGE, Inc. NJ should be joined.

Irrespective of USENIX/SAGE's lack of 19(a) analysis, AH provided the court with several reasons why SAGE, Inc. NJ's presence in this case is not required.  For example, AH argues that the Court can grant full relief under 19(a)(1) because USENIX/SAGE was the true party in interest to the AH contract. AH maintains that USENIX/SAGE issued the RFP to which AH responded, and that the entity that signed the contract was little more than a shell company set up to receive assets and rights from the SAGE spin-off group.  AH argues that SAGE, Inc. NJ is immaterial to this lawsuit because the contract that AH and SAGE, Inc. NJ entered into was for USENIX/SAGE's benefit and it was USENIX/SAGE's actions that caused the breach.  AH also states that SAGE, Inc. NJ has no interest in its rights and would not seek to enforce them in future litigation.

While the defendants dispute the allegation that SAGE, Inc.

NJ is a shell corporation,[8] AH's arguments are sufficient to rebut the defendants' rote assertion that ordinarily a signatory to a contract at issue is a necessary party to litigation.  Here, the gravamen of plaintiff's case is the notion that the defendants rode the AH horse all the way to the water but did not let it drink.  That is, that USENIX/SAGE contracted in some form for AH's services, benefitted from them, and then reneged on its agreement.  Of course, we offer no opinion on whether these claims are true or would justify the recovery of damages, but this state of affairs, if true, shows why the SAGE, Inc. NJ has been silent in this litigation.  In essence, it has no dispute with the plaintiff; rather it is the putative victim of the breach of any agreement AH had with the defendants.  If that is true, however, then SAGE, Inc. NJ might have rights against USENIX/SAGE that could be asserted in future litigation.

_____

[8] In their reply brief, USENIX/SAGE asserts that SAGE, Inc. NJ is an active entity operating under the name LOPSA (League of Professional System Administrators).  In support of their argument, USENIX/SAGE presents the certifications of John A. Avery, Esq., and of Ellie Young, Executive Director of USENIX. The certifications include copies of LOPSA's website as well as incorporation documents.  The corporate Bylaws of LOPSA state: "[t]he name of the organization shall be the League of Professional System Administrators, incorporated as the System Administrators Guild, Inc., a New Jersey nonprofit corporation ...", suggesting this is the same entity that AH alleges it was solicited to support.  Even if it were proper for the Court to consider these facts from outside the pleadings, they are of no moment.  Even if SAGE, Inc. NJ operates as LOPSA and does so without further assistance and guidance of AH, it does not change the nature of AH's complaint - that AH suffered financial damages when it was not paid by USENIX to provide management services to the new entity.

Overall, what is left unclear is the contractual relationship among USENIX/SAGE, AH and SAGE, Inc. NJ.  As we stated, there are certain circumstances where a signatory to a contract is not necessary, but there are not enough facts to determine whether that is the case here.  AH would have us find that SAGE Inc., NJ is currently defunct and only existed for the benefit of USENIX/SAGE who is the real party in interest.  However, USENIX/SAGE has provided enough information to suggest that SAGE Inc., NJ continues to operate and may have rights implicated in this lawsuit.  The parties must provide sufficient facts so that the Court can understand the relationship among the parties and non-party in order to make a proper analysis under Rule 19(a).[9]

---

[9]  USENIX/SAGE argued in its motion to dismiss that SAGE, Inc. NJ should be found indispensable under Rule 19(b).  Although Rule 19(a) analysis is a prerequisite to determining whether a party is indispensable under Rule 19(b), we briefly address USENIX/SAGE's argument under Rule 19(b) to highlight its deficiency.  USENIX/SAGE summarily concluded that SAGE, Inc. NJ was indispensable based on a characterization of the Rule 19(b) factors that appeared in an opinion from the Western District of Washington based on a 1968 Supreme Court opinion.  For future reference, it is the factors that appear in Rule 19(b) that must be made part of the analysis.  Although USENIX/SAGE quoted the Rule 19(b) factors in a footnote, it did not provide any analysis.

**IV.   CONCLUSION**

For the foregoing reasons, we deny USENIX's motion to dismiss under Rule 12(b)(7) with leave to re-file in thirty (30) days.

                                        s/Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Date: July 3, 2007