NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ASSOCIATION HEADQUARTERS, INC. : | Civil Action No. |
| Plaintiff,   : | 06-4405 (NLH) |
| v.   : |  |
| USENIX ASSOC. AND SYSTEMS   : | **OPINION** |
| ADMINISTRATORS GUILD, a   : |  |
| Special Technical Group of   : |  |
| USENIX ASSOCIATION   : |  |
| Defendants.   : |  |

**APPEARANCES:**
Michael E. Waller, Esq.
Mark S. Morgan, Esq.
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
One Newark Center, 10th Floor
Newark, NJ 07102
*Attorney for Plaintiff*

John A. Avery, Esq.
KRAEMER, BURNS MYTELKA, LOVELL & KULKA, P.A.
675 Morris Avenue
Springfield, NJ 07081
*Attorney for Defendants*

**HILLMAN, District Judge**

Before the Court is defendants' second motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join an indispensable party.[1]

The background of this case was summarized in the Court's

---

[1] Defendants' first motion to dismiss for failure to join an indispensable party was denied without prejudice on the ground that defendants needed to provide full briefing to the Court as to each factor under Fed.R.Civ.P. 19.

Opinion entered on July 3, 2007 concerning defendants' first motion to dismiss and will not be repeated here. For purposes of this Opinion, the record shows that plaintiff Association Headquarters, Inc. ("AH") entered into a Management Agreement with The System Administrators Guild, a New Jersey not-for-profit corporation ("SAGE, Inc.") on September 1, 2005. Defendant USENIX Association ("USENIX") has a special technical group that is a sub-unit of USENIX referred to as "SAGE" or "SAGE STG." Collectively defendants are referred to as "USENIX/SAGE STG."[2]

The party that USENIX/SAGE STG argues is indispensable to this litigation is SAGE, Inc., the signatory to the Management Agreement. AH contends that SAGE, Inc. no longer exists and that the former SAGE, Inc. now operates as the League of Professional System Administrators ("LOPSA"). Where appropriate, this entity is referred to as "SAGE, Inc./LOPSA."

### I. JURISDICTION

Plaintiff is a citizen of New Jersey where it is incorporated and has its principal place of business. Defendant is a citizen of Delaware where it is incorporated and of California where it has its principal place of business. Therefore, complete diversity exists between the parties and this

---

[2] AH refers generically to "SAGE" in its complaint. In the Management Agreement, the entity is also referred to as "SAGE." Since the allegations are against USENIX and/or its special technical group, we use "SAGE STG" to avoid confusion.

Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II.  DISCUSSION

### A.  Standard for 12(b)(7) Motions to Dismiss Under Rule 19

Federal Rule of Civil Procedure 12(b)(7) allows a motion to dismiss to be filed for "failure to join a party under Rule 19." See Fed.R.Civ.P. 12(b)(7).  "In reviewing a motion to dismiss under Rules 12(b)(7) and 19, the court must accept all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving party."  American Home Mortg. Corp. v. First American Title Ins., No. 07-01257, 2007 WL 3349320, at *3 (D.N.J. Nov. 9, 2007) (citing Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. Appx. 803, 805 (3d Cir. 2003)).  "It is the movant's burden to prove that a non-party is indispensable to the adjudication of the action."  Id. (citing Fed. Home Loan Mortgage Corp. v. Commonwealth Land Title Ins. Co., No. 92-5255, 1993 WL 95494, at *5 (E.D.Pa. March 31, 1993)).

Pragmatic concerns such as the effect on the parties and on the litigation should guide the Court's decision in making a Rule 19 determination.  See F&M Distributors, Inc. v. American Hardware Supply Co., 129 F.R.D. 494, 497 (W.D.Pa. 1990)(citing Provident Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968)).  The inquiry into whether a party is indispensable is fact-

specific. See id. (citing Steel Valley Author v. Union Switch & Signal Div., 809 F.2d 1006, 1011 (3d Cir. 1987)).

Rule 19 provides a two-step analysis under subpart (a) and subpart (b). Under Rule 19(a), the court must determine whether a party is necessary. See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993). If the court determines that the party is necessary and therefore should be joined but joinder is not feasible because it would destroy diversity, then the court moves to the second step of the analysis to determine if the absent party is "indispensable" under Rule 19(b). Id.

    **B.   Rule 19 - Joinder of Persons Needed for Just Adjudication**

Rule 19(a) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest... . If the joined party would render the venue of the action improper, that party shall be dismissed from the action.

4

### 1. 19(a)(1)

Under subsection 19(a)(1), the inquiry is whether complete relief can be accorded to the parties absent the unjoined party. See Janney, 11 F.3d at 405. The focus is on the parties to the action and not on the effect the decision may have on the nonparty. Id.

Defendants argue that complete relief cannot be accorded among the parties without the presence of SAGE, Inc. because the Management Agreement was entered into between AH and SAGE, Inc. only, not USENIX or SAGE STG, the sub-unit of USENIX. Defendants maintain that since SAGE, Inc. is a wholly separate legal entity, it is a necessary party. Defendants further state that they did not negotiate the Management Agreement and did not even see a copy of it until they were served with the complaint in this action. They also argue that the Management Agreement does not contain any warranties by USENIX or SAGE STG. Defendants deny that they authorized the issuance of the Request for Proposal ("RFP") published on July 12, 2004, or that they authorized the signing of the Management Agreement. Defendants also state that they did not receive any benefit of any of AH's supposed services and would not have had use for their services since all administrative and management services were already performed by the USENIX executive director and her staff. Finally, defendants argue that SAGE, Inc. is the true party in interest and that it

5

is an existing, viable company that currently operates under the name LOPSA.  Defendants maintain that AH knew that SAGE, Inc., now LOPSA, was a separate company since AH's own employee was the executive director of SAGE, Inc. before the execution of the Management Agreement and the first board meeting.

AH takes the position that USENIX/SAGE STG is the true party in interest and SAGE, Inc. is not a necessary party.[3]  AH states that USENIX/SAGE STG voted to spin-off SAGE STG into SAGE, Inc. as a separate corporation.  AH also states that the operational committee formed by USENIX/SAGE STG to complete the spin-off project consisted of officers or members of USENIX/SAGE STG and that USENIX/SAGE STG had delegated authority to them to transition SAGE STG into an independent entity.  AH also alleges that the RFP was published with USENIX/SAGE STG's knowledge and authority, and that AH was told by SAGE STG that it was to be initially funded by USENIX.  AH further states that USENIX was informed by USENIX/SAGE STG director Geoff Halprin in July 2005 of the intention of the newly incorporated spin-off to enter into a management agreement with AH.  AH further argues that USENIX/SAGE STG terminated the transition of SAGE STG into an independent entity and breached the Management Agreement.  Although USENIX made partial payments to AH, AH maintains that

---

[3] The parties concentrate on the breach of contract claim in their briefs.  For purposes of this Opinion we do the same.

USENIX and SAGE STG are required to pay the remaining amounts due under the Agreement.

As defendants correctly point out, SAGE, Inc. and AH were the only signatories to the Management Agreement.  In a breach of contract action, it would appear at first blush that SAGE, Inc. is necessary to the disposition of this case.  See Weissbard v. Potter Drug & Chemical Corp., 69 A.2d 559 (N.J.Super. Ch.Div. 1949), aff'd 71 A.2d 629 (N.J. 1950)(finding general rule is that party to a contract is an indispensable party); but see Insurance Co. of North America v. Allied Crude Vegetable Oil Refining Corp., 215 A.2d 579, 589 (N.J. Super. Ch. 1965) (finding certain parties to a contract not to be necessary or indispensable).

However, in determining whether a party is indispensable, a fact-sensitive inquiry must be applied.  See F&M Distributors, 129 F.R.D. at 497; Toll Bros. Inc. v. West Windsor, 756 A.2d 1056, 1063 (N.J.Super. A.D. 2000).  The allegations in AH's complaint are against USENIX/SAGE STG, not SAGE, Inc.  The heart of AH's argument is that USENIX/SAGE STG induced AH to enter into the contract by permitting an RFP to be published and representing that SAGE STG would become an independent entity without advising AH that USENIX had imposed certain conditions on the project.  According to AH, it contracted with USENIX/SAGE STG when it signed the Management Agreement; SAGE, Inc. only existed

7

as an instrumentality of USENIX/SAGE STG.  In other words, "SAGE, Inc." the entity named in the Management Agreement was USENIX/SAGE STG and ceased to exist when USENIX/SAGE STG pulled the plug on the project and forbade SAGE, Inc. to use the SAGE name.  As a result, LOPSA came into being.  AH maintains that although LOPSA incorporated under the name "SAGE, Inc.," it is not "SAGE, Inc.," the spin-off entity envisioned by USENIX/SAGE STG.

In deciding a motion to dismiss, the court must accept all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving party.  See Jurimex, 65 Fed. Appx. at 805.  AH has alleged that USENIX/SAGE STG had full knowledge and gave full authority to SAGE, Inc. to enter into the Management Agreement.  At this stage, AH has sufficiently plead that at the time the Management Agreement was entered into, SAGE, Inc. was part of USENIX/SAGE STG and, therefore, complete relief can be accorded to the parties without the presence of SAGE, Inc.

**2. 19(a)(2)(i)**

Under subsection 19(a)(2)(i), a person shall be joined as a party if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest.  Under this

8

subsection, the focus shifts from the effect of the parties to the effect of judgment on the non-party. Wheaton, 215 F.R.D. at 490.

SAGE, Inc./LOPSA has not claimed an interest relating to the subject of this action. It can be assumed that SAGE, Inc./LOPSA is well aware of the litigation as it appears that there is a close working relationship between it and AH. Sam Albrecht, an employee of AH, is the executive director of LOPSA and board meetings have been held at AH's offices. Despite this apparent lack of interest on the part of SAGE, Inc./LOPSA, defendants argue that SAGE, Inc./LOPSA's absence from this litigation could impair or impede its interest.

Defendants correctly state that SAGE, Inc./LOPSA exists independent from USENIX/SAGE STG. Although it does not use the "SAGE" name, presumably due to trade name concerns, it continues to operate under the name LOPSA. Defendants argue that AH is attempting to make USENIX liable on the basis that SAGE STG is the same as SAGE, Inc., or that SAGE, Inc. is USENIX's subsidiary. Defendants argue that neither scenario is accurate. Although we agree that the facts show that SAGE, Inc./LOPSA is neither USENIX's sub-unit "SAGE STG" nor a subsidiary of USENIX/SAGE STG, we disagree that AH has made that argument. Rather, AH also states that SAGE, Inc./LOPSA is a completely separate, independent entity that has no ties to defendants. The

9

difference is that AH argues that SAGE, Inc./LOPSA did not exist until after SAGE, Inc.'s dissolution by USENIX/SAGE STG. AH maintains that LOPSA cannot have claims against USENIX/SAGE STG "with regard to the creation and ultimate dissolution of 'SAGE Inc.,' nor does it have claims against USENIX/SAGE as to the contract entered into between USENIX/SAGE and AH because it did not exist until after 'SAGE, Inc.'s' dissolution."

Even though AH simply states that SAGE, Inc. does not exist, technically it does. It exists on paper although for all practical considerations, LOPSA is the entity and there is no such company using the name "SAGE, Inc." However, even assuming that SAGE, Inc. exists and claims an interest, defendants have not shown how a judgment in this matter could later impair or impede that interest.

The Third Circuit's interpretation of the phrase "impair or impede" suggests that it is not meant to have a broad reach. In Janney Montgomery Scott,[4] the Third Circuit rejected the district court's finding that the federal action could have "persuasive precedent" on a related state court action so as to make the

---

[4] The theory of liability in Janney Montgomery Scott was joint and several liability between the named defendant and the absent party. 11 F.3d at 405. Although this is not the theory of liability in this case, the Third Circuit's interpretation of Rule 19 is applicable in this case. The Third Circuit has not ruled on the precise issue here - whether an absent party is necessary or indispensable where it is alleged to have been one and the same as the named defendant at the time the parties entered into the contract.

absent party indispensable. 11 F.3d at 407. The Third Circuit instead looked to the principals of <u>stare</u> <u>decisis</u> and concluded that "...we are not inclined to hold that any potential effect the doctrine may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever 'feasible.'" <u>Id.</u> "Such a holding would greatly expand the class of 'necessary' or compulsory parties Rule 19(a) creates." <u>Id.</u> In interpreting the phrase "as a practical matter impair or impede" under Rule 19(a)(2)(i), the Third Circuit provides that "... the effect of the federal decision must be more direct and immediate than the effect a judgment in [defendant's] favor would have on [the absent party] here." <u>Id.</u> The Third Circuit made clear that any argument resting on the idea that an absent party should be deemed necessary because the federal action could have "persuasive precedent" on other litigation is to be rejected. <u>See</u> <u>General Refractories Co. v. First State Ins. Co.</u>, 500 F.3d 306, 317 (3d Cir. 2007). Here, neither party has stated that any other litigation involving SAGE, Inc. relating to this matter is pending. As such, defendants have not shown how SAGE, Inc.'s interest could be impaired or impeded in other pending litigation.

In addition, USENIX/SAGE STG has not shown how issue preclusion or collateral estoppel could be invoked against SAGE, Inc. in some future litigation. Defendants' theory rests on the

11

idea that AH seeks to establish "an identity" between SAGE, Inc./LOPSA and USENIX/SAGE STG.  However, AH is arguing just the opposite - that no relationship exists between SAGE, Inc./LOPSA and USENIX/SAGE STG because SAGE, Inc. no longer exists as the envisioned spin-off group.  General claims of issue preclusion or collateral estoppel are not sufficient to make a party necessary. <u>Janney Montgomery Scott</u>, 11 F.3d at 409. (stating "[m]ere presentation of an argument that issue preclusion is possible is not enough to trigger Rule 19(a)(2)(i).").

Accepting AH's allegations as true and drawing all reasonable inferences therefrom, AH has plead sufficient facts to withstand dismissal and defendants have not met their burden of showing that SAGE, Inc./LOPSA's rights would not be impaired or impeded if it were not joined in this litigation.

### 3. <u>19(a)(2)(ii)</u>

Subsection 19(a)(2)(ii) requires joinder if the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  This inquiry, like subsection 19(a)(1), puts the focus on the current parties.

As in the preceeding subsection, SAGE, Inc. has not claimed

an interest in this action. Nevertheless, we examine whether its absence from this litigation may leave the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Defendants argue that if AH prevails, then SAGE, Inc. will be bound by the findings, including a finding of "an identity of interest" between SAGE, Inc./LOPSA and USENIX. Conversely, if AH is not successful, defendants argue that USENIX/SAGE runs the risk of suit in another forum by SAGE, Inc./LOPSA relating the Management Agreement which would subject USENIX/SAGE to the risk of inconsistent adjudications. In contrast, AH argues that SAGE, Inc. cannot bring a claim against USENIX/SAGE STG in subsequent litigation because it no longer exists.

As we concluded in the previous section, SAGE, Inc. technically exists on paper if not in form. Therefore, the specific inquiry is whether SAGE, Inc., as it exists on paper, has a colorable claim so as to subject USENIX/SAGE STG to the substantial risk of subsequent litigation concerning the Management Agreement. We find it does not. The purpose of the Management Agreement was for AH to provide services in return for payment. SAGE, Inc., even as a separate company from USENIX, does not appear to have a claim against USENIX or SAGE STG for payment for services rendered by AH. Any possible claims that SAGE, Inc./LOPSA would have against USENIX/SAGE STG would not be

13

for direct payment to AH under the Management Agreement. Moreover, the parties have not indicated that any other suits either in the district courts or state courts have been filed that would suggest a real possibility of multiple or inconsistent judgments. See Janney Montgomery Scott, 11 F.3d at 411 (concluding where state court action against parent corporation was pending that the parent corporation's absence from suit in the federal action could expose the defendant subsidiary to substantial risk of double or inconsistent obligations because the defendant could be liable under the contract in the federal action while the parent corporation could be found not liable in the state court action).

Defendants also argue that it may be subject to the risk of multiple or inconsistent obligations if USENIX seeks to recover any judgment it may owe to AH from SAGE, Inc. if SAGE, Inc. takes the position that it was not a party in this case and, therefore, cannot be bound by any findings or judgment in this case. To the extent that defendants are raising a claim of possible contribution or indemnity from SAGE, Inc., "[a] defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19." General Refractories, 500 F.3d at 320 (citations omitted).[5]

---

[5] We note that defendants are not precluded from filing a third-party complaint against SAGE, Inc. for contribution and/or indemnity in this case. See Spring City Corp. v. American Bldgs.

Thus, the absence of SAGE, Inc. from this case will not leave USENIX/SAGE STG subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations concerning the Management Agreement.

### IV.  CONCLUSION

USENIX/SAGE STG has not met its burden of proving that SAGE, Inc. is a necessary party under Rule 19(a).  Because SAGE, Inc. is not a necessary party, we do not undertake an analysis under the factors in Rule 19(b).

USENIX/SAGE STG's motion to dismiss pursuant to Rule 12(b)(7) is **DENIED**.  An Order consistent with this Opinion will be entered.

           s/Noel L. Hillman  
           NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

Co., 193 F.3d 165, 169 (3d Cir. 1999) (stating that "... a third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state.")(citing Smith v. Philadelphia Transp. Co., 173 F.2d 721, 724 n. 2 (3d Cir. 1949)).