UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**KRAEMER, BURNS, MYTELKA, LOVELL & KULKA, P.A.**
675 Morris Avenue
Springfield, New Jersey 07081
(973) 912-8700
(JA3112)

Attorneys for Defendant, USENIX Association (including its former Special Technical Group, SAGE, The System Administrators Guild)

| | |
|---|---|
| ASSOCIATION HEADQUARTERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> USENIX ASSOCIATION and SYSTEMS ADMINISTRATORS GUILD, a Special Technical Group of USENIX Association, <br><br> Defendant, <br><br> and <br><br> USENIX Association, a Delaware Nonprofit Corporation (including its former Special Technical Group, SAGE, The System Administrators Guild), <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> The System Administrators Guild, a New Jersey Nonprofit Corporation. <br><br> Third-Party Defendant. | Honorable Noel L. Hillman, U.S.D.J. <br> Civil Action No. 06-CV-4405 NLH <br><br><br><br><br><br><br><br><br><br><br> **AMENDED ANSWER and** <br> **JURY DEMAND** |

Defendant, USENIX Association (including its former Special Technical Group, SAGE, The System Administrators Guild, improperly pleaded as a separate defendant), a nonprofit

Delaware corporation having its principal place of business located at 2560 Ninth Street, Suite 215, Berkeley, CA 94710, by its attorneys, answers plaintiff's complaint as follows:

1. Paragraphs 1 and 2 are denied.

2. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 3.

3. Paragraphs 4 and 5 are admitted.

4. Paragraphs 6 and 7 are denied except that it is admitted that USENIX Association ("USENIX") formerly had a Special Technical Group, SAGE, The System Administrators Guild, (hereinafter "SAGE STG") which was not a separate legal entity.

5. Paragraph 8 is denied.

6. Paragraphs 9 and 10 are denied except that it is admitted that the former SAGE STG had an executive committee elected every two years by the SAGE STG membership.

7. Paragraphs 11, 12 and 13 are denied except that it is admitted that the membership of the former SAGE STG represented approximately 60 percent of the USENIX membership, and that the dues of USENIX and the dues of the former SAGE STG were paid annually.

8. Paragraph 14 is denied except that it is admitted that USENIX and its former SAGE STG were the co-sponsors of the Large Installation Systems Administration ("LISA") conference.

9. Paragraph 15 is denied.

10. Paragraph 16 is denied except that it is admitted that USENIX performed all office functions for its former SAGE STG.

11. Paragraph 17 is denied .

12. Paragraphs 18-21 are denied except that it is admitted only that on June 27, 2004 a motion was passed by the USENIX Board of Directors dissolving the SAGE STG effective June 30, 2004, and authorizing the transfer of the former SAGE STG activities to a new, independent not-for-profit corporation if certain conditions were met.

13. Paragraphs 22-23 are denied.

14. Paragraph 24 is denied except that it is admitted that Geoff Halprin was formerly a member of the USENIX Board of Directors.

15. Paragraph 25 is denied except that it is admitted that Tom Perine was formerly a member of USENIX.

16. Paragraphs 26-29 are denied.

17. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 30.

18. Paragraphs 31-34 are denied.

19. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations of paragraphs 35-36.

20. Paragraph 37 is denied except that it is admitted that USENIX did not retain plaintiff to assist its former SAGE STG.

21. Paragraphs 38-43 are denied.

22. Paragraph 44 is denied except that it is admitted that USENIX's former SAGE STG was never a legal entity separate from USENIX.

23. Paragraphs 45-48 are denied.

24. Paragraph 49 is denied except that it is admitted only that USENIX reimbursed plaintiff for certain meal expenses from July 2005.

3

25.   Paragraph 50 is denied.

## AS TO THE FIRST COUNT

1.   As to paragraph 51, defendant repeats its answers to the prior paragraphs.

2.   Paragraphs 52-57 are denied.

## AS TO THE SECOND COUNT

1.   As to paragraph 58, defendant repeats its answers to the prior paragraphs.

2.   Paragraphs 59-64 are denied.

## AS TO THE THIRD COUNT

1.   As to paragraph 65, defendant repeats its answers to the prior paragraphs.

2.   Paragraphs 66-73 are denied.

## AS TO THE FOURTH COUNT

1.   As to paragraph 74, defendant repeats its answers to the prior paragraphs.

2.   Paragraphs 75-80 are denied.

## AS TO THE FIFTH COUNT

1.   As to paragraph 81, defendant repeats its answer to the prior paragraphs.

2.   Paragraphs 82-85 are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint lacks subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to join necessary and indispensable parties.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, laches and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its contributory negligence or should be barred or reduced by its comparative negligence pursuant to the New Jersey Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 et seq. or other applicable principles.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

                                                KRAEMER, BURNS, MYTELKA,
                                                LOVELL & KULKA, P.A.
                                                Attorneys for Defendant

                                                By: /s/ John A. Avery
Dated: April 30, 2008                                  John A. Avery (JA3112)

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

We hereby certify that to our knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                                KRAEMER, BURNS, MYTELKA,
                                                LOVELL & KULKA, P.A.
                                                Attorneys for Defendant

                                                By: /s/ John A. Avery
Dated: April 30, 2008                                  John A. Avery (JA3112)